# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| MIRANDA MURRAY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| vs. ) | |
| ) | |
| WALKER RECOVERY CENTER, INC., ) | |
| ) | |
| Defendant. | |

_____

## COMPLAINT

## I. JURISDICTION

1. This is a suit for relief from unlawful discrimination and termination of employment instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

## II. PARTIES

2. Plaintiff Miranda Murray ("Plaintiff") is an adult citizen of the United States and a resident of Jasper, Walker County, Alabama.

3. Defendant Walker Recovery Center, Inc. ("Defendant") is a corporation located in Jasper, Walker County, Alabama.

## III. <u>STATEMENT OF FACTS</u>

4. Paragraphs 1-3 above are incorporated by reference.

5. In or about July of 2017, Plaintiff became employed by Defendant at its place of business in Jasper, Alabama.

6. Plaintiff worked as an Administrative Assistant in insurance and billing.

7. Plaintiff's supervisors were Pam John (Business Manager) and Stephen Kiser (Chief Operating Officer).

8. Plaintiff has an auto immune disorder and did during her employ with Defendant.

9. Plaintiff's disorder caused her debilitating fatigue, joint pain, headaches, body aches, and painful inflammation in her body during flare-ups.

10. Plaintiff notified her supervisors of her disorder.

11. In 2019, Plaintiff had to miss some work due to her disorder, and it got worse over time.

12. In or about September of 2019, Plaintiff's primary care physician referred her to a rheumatologist.

13. Plaintiff was scheduled to see the rheumatologist on October 15, 2019.

14. Plaintiff notified her supervisors of the appointment.

15. On or about October 3, 2019, Plaintiff's condition had worsened, so she asked Kiser if she could do some work from home.

16. Kiser said they would talk about it, but they never did.

17. On or about October 7, 2019, Plaintiff had to leave work due to a flare-up of her disorder.

18. Plaintiff was almost out of paid personal days at the time.

19. Plaintiff asked Kiser and John if she could have some further time off from work until she could see the rheumatologist and get better.

20. On or about October 10, 2019, Plaintiff received a letter in the mail from Kiser dated October 8 stating that Plaintiff was terminated "without cause."

21. Plaintiff had no prior disciplinary actions or warnings of performance issues.

22. Plaintiff was able to move her appointment up to see the rheumatologist to October 10, 2019.

23. By October 14, 2019, Plaintiff was able to return to work and has been able to work since then without any flare ups of being unable to work.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I

### ADA

24. Paragraphs 1-23 are incorporated herein.

25. Defendant was a covered employer under the ADA during the course of events set forth above.

26. Plaintiff's auto immune disorder constitutes physical impairments under the ADA and did so during her employ with Defendant.

27. Due to these impairments, Plaintiff was and is substantially limited with respect to the major life activity of the major bodily function of her immune system and the adverse results to her body caused by these impairments to her immune system.

28. Plaintiff was and is disabled under the ADA.

29. Plaintiff was and is a qualified individual able to perform the essential functions of her position, with accommodation.

30. Defendant violated Plaintiff's rights under the ADA by terminating her employment (a) because of her disability, (b) in retaliation for her request for a reasonable accommodation for her disability in taking time off work, and/or (3) as a result of Defendant's failure to accommodate her disability in allowing the time off.

31. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Telephone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
Walker Recovery Center, Inc.
c/o Patricia A. Waldrop, President
2195 N. Airport Rd.
Jasper, AL 35503